No. 35,394

EMMETT H. SCHROEDER, *Appellee*, v. THE AMERICAN NATIONAL BANK and THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellants.*

(121 P. 2d 186)

Opinion filed January 24, 1942.

*Roy C. Davis, Warren H. White, Frank S. Hodge, William H. Vernon* and *Eugene A. White,* all of Hutchinson, for the appellants.

*Walter F. Jones, Harold R. Branine, C. E. Chalfant* and *J. Richards Hunter,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is a workmen's compensation case. The commissioner of workmen's compensation and the district court awarded compensation to the claimant. Respondent appeals.

The facts are simple and there is very little dispute about them. It was stipulated that on the day of the injury respondent was subject to the provisions of the workmen's compensation act; that the average weekly wage of claimant was forty dollars, and that notice of the injury had been given and claim made within the statutory time, and that claimant met with a personal injury by accident.

The questions to be determined are whether the claimant was an employee of the respondent and whether the injury arose out of and in the course of respondent's trade or business. The respondent is a bank. It maintained a bank on the first floor of a building and rented offices to tenants on the three floors above the first floor. In connection with the operation of the building it employed two elevator operators and two janitors.

The respondent made an agreement with the claimant by which the claimant was to do some remodeling work on the rooms occupied by the respondent for banking purposes. The work consisted of the building of some steel grill work and a new teller's cage, the removal of a telephone booth, and a small amount of marble work. It was to be paid for at the rate of one dollar an hour for tool work and one dollar and twenty-five cents per hour where machinery was used. The plaintiff was to secure materials and be paid ten percent in addition to the cost thereof. There was no definite understanding as to the hours claimant was to work except that the work was to be done so as to interfere as little as possible with the work of the bank. When it became necessary for claimant to use power tools he was to do that work in his shop. While doing some of this work in his shop claimant was injured by having his left hand come in contact with a planer, with the result that four of his fingers were amputated. A few days before the injury claimant secured a carpenter, to help him in setting up a heavy grill. He helped set up the grill and polish it, and was paid fifty cents an hour for nine hours. This bill was submitted as a separate item in the itemized statement submitted by claimant to respondent and it was paid by claimant. After the injury claimant was unable to complete the work and he secured three or four workmen who did complete it. The

price of this work was a separate item submitted by claimant to respondent, and was paid by claimant. All of the above facts were stipulated. There was an oral stipulation at the time of the hearing that the workmen secured by claimant to complete the work were told by claimant to report at the bank, and that they were told where the work was and what had to be done. The claimant testified that when the agreement was made it was understood he was to do the work personally; that he drew a sketch for the work and submitted it to the bank in accordance with what the bank told him they wanted done; that there were some slight changes in this after he had gone to work; that on one occasion the bank told him a grill he was replacing was not finished properly and caused it to be finished again; that at the time he installed the heavy grill the respondent told him to get some cheap help. He also testified that on one occasion there was some marble work that the bank asked him to do differently.

The president of the bank testified for respondent that he made the contract with claimant to do the work; that a change was made in the way the grill work was polished, as testified to by claimant; that he would be back where claimant was working from time to time for the purpose of seeing how the work was progressing; that he made the suggestion about some cheap labor to help set up the grill; that he could have discharged the claimant any time that he wanted and could have employed another to complete the work; that there had been other occasions when the bank had been compelled to get some particular work done in the offices and they had usually hired a carpenter or painter or some workman who owed the bank; that the method of the payment of the workmen who finished the work, to which reference has been made, was for the convenience of the bank.

On the above record the workmen's compensation commission and the district court made an award of compensation. The appellant argues two questions: First, Was there substantial evidence to support the decision and findings of the district court that claimant was an employee of the bank and not an independent contractor? Second, Was there substantial evidence to support the decision of the district court that claimant's injuries arose out of and in the course of plaintiff's trade or business? If there was substantial evidence to support the findings of the commissioner and the district court that finding will not be disturbed on appeal. (See *Smith v. Cudahy Packing Co.,*

145 Kan. 36, 64 P. 2d 582, and *Holloway v. Consolidated Gas, Oil & Mfg. Co.*, 152 Kan. 129, 102 P. 2d 987.)

The question of whether or not a workman was an independent contractor or employee depends upon the facts and circumstances of the particular case. (See *Pottorf v. Mining Co.*, 86 Kan. 774, 122 Pac. 120.)

The first determining feature is whether or not there was a right on the part of the respondent to control the manner in which the work was carried on. It should be noted that this is not whether or not this control was actually exercised, but whether there was the right to exercise control. (See *Maughlelle v. Mining Co.*, 99 Kan. 412, 161 Pac. 907; *Wyant v. Douglas Coal Co.*, 122 Kan. 469, 252 Pac. 237; *Nordgren v. Southwestern Bell Telephone Co.*, 125 Kan. 33, 262 Pac. 577; *Bittle v. Shell Petroleum Co.*, 147 Kan. 227, 75 P. 2d 829; *Mendel v. Fort Scott Hydraulic Cement Co.*, 147 Kan. 719, 78 P. 2d 868; *Dobson v. Baxter Chat Co.*, 148 Kan. 750, 85 P. 2d 1; and *Davis v. Julian*, 152 Kan. 749, 107 P. 2d 745.)

The witness for the bank in this case was fair in his testimony. He testified that the bank not only had the right to direct the manner in which the work was carried on but that it actually did direct and control it. Another controlling feature is whether the bank had the right to discharge claimant before the work was done. The witness for the bank testified that under the contract between claimant and the bank respondent did have this right.

The fact that the accident actually happened at the workshop of the claimant has no bearing on the issues, because there is no dispute but that the work being done at the workshop was a part of the work which claimant was performing at the bank. There was no question but that the bank understood that some of the work being done for it was to be done in the shop of defendant. The fact that the workshop was some distance away from the bank is of no importance. (See *Kirkpatrick v. Yeamans Motor Co.*, 143 Kan. 510, 54 P. 2d 960.)

Following the above authorities, we have concluded that there was substantial evidence to support the finding of the trial court that claimant was an employee of the bank.

Respondent next argues that there was not sufficient evidence to support the conclusion that the accident arose out of and in the course of respondent's trade or business. The respondent's trade or business was the operation of the bank. The injury happened while

claimant was remodeling the room where this business was carried on. The bank had elected to come under the workmen's compensation act. (See G. S. 1935, 44-505.) Since it was under the workmen's compensation act it could not be under it for some employees and not for others. The liability of respondent is not due to the fact that the work claimant was doing was building work, but that it was incidental to the business of the bank. (See *Johnson v. Voss*, 152 Kan. 586, 106 P. 2d 648.)

In *Mendel v. Fort Scott Hydraulic Cement Co.*, supra, an ice company was remodeling and repairing one of its plants, and as a part of such work found it necessary to dig a new sewer ditch. This court held that this work was the work or business of the ice company.

In *Raynes v. Riss & Co.*, 152 Kan. 383, 103 P. 2d 818, the respondent was a truck company, and claimant was injured while remodeling the building which the truck company was to use as a depot. This court held that remodeling the depot was a necessary incident in carrying on the business of the truck company.

To the same effect is *Purkable v. Greenland Oil Co.*, 122 Kan. 720, 253 Pac. 219; also, *Williams v. Cities Service Gas Co.*, 139 Kan. 166, 30 P. 2d 97.

There was substantial evidence to support the conclusion that the injury arose out of and in the course of the business of the bank.

The judgment of the trial court is affirmed.