No. 40,726

EVELYN V. SNEDDEN, Widow; JOHN D. SNEDDEN, JR., NANCY JO SNED-
DEN, GEORGE F. SNEDDEN, and LARRY D. SNEDDEN, Minor Children
of John D. Snedden, Sr., deceased, Claimants, *Appellants*, v. BER-
NAL NICHOLS, Respondent, EMPLOYERS MUTUAL CASUALTY COM-
PANY, a Corporation, Insurance Carrier, *Appellees*.

(317 P. 2d 448)

Opinion filed
November 9, 1957.

*A. W. Relihan,* of Smith Center, argued the cause and *T. D. Relihan* and
*Terry E. Relihan,* both of Smith Center, were with him on the briefs for the
appellants.

*Donald R. Newkirk,* of Wichita, argued the cause and *John C. Woelk, Jr.,*
of Russell, *Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky,
Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert* and *Philip Kasse-
baum,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is an appeal in a workmen's compensation case.

The claimants, appellants herein, are the widow and four minor
children of John D. Snedden, deceased, who was accidentally killed
while pulling down the walls of a two story brick building at Smith
Center, Kansas, on the 8th day of March, 1956. The Workmen's
Compensation Commissioner denied compensation to the claimants.
On appeal to the district court the court adopted as its own findings
of fact and conclusions of law those made by the commissioner and
affirmed the award of the commissioner denying compensation.

The Commissioner had made the following findings of fact:

"SUMMARY OF THE EVIDENCE

"Bernal E. Nichols, testified as a witness for the claimant. He stated that
he was a contractor; that he entered into an agreement to use the decedent
to pull down some walls of a school building he had obtained a contract to
raze; that he used the decedent and his tractor as well as had the decedent do
hauling for him; that he had the right to fire claimant; that he did not tell the

decedent how to perform the work; that the decedent hired his own employees and was a contractor engaged in other jobs at the same time he was assisting in the razing of the building.

"Henry M. Dodson, a witness for claimant testified that he finished the job commenced by the decedent; that he was paid $8.00 an hour and that his son operated the tractor at $1.50 an hour; that he hauled brick with his truck at the same rate as the decedent $1.00 an hour to load and $1.00 a load to haul.

"Bernal E. Nichols, was recalled by respondent. He further testified that the decedent gave instructions as to where to hook the cables since he had the experience on this work and that Nichols informed his (Mr. Nichols) men where to hook the cables based on the decedents experience and knowledge.

### "Findings

"It is found, in addition to the admissions of the parties, that the decedent herein was not an employee of Bernal Nichols; that he was an independent contractor, with employees of his own, in business for himself assisting Bernal Nichols with the razing of a building when he met his death by being crushed with falling debris. It is further found that the parties were not governed by the Kansas Workmen's Compensation Act."

The facts found by the court and Commissioner were essentially undisputed. Common School District Number Four in Smith County, Kansas, built a new school building on a site adjacent to the old school, a two story brick building. The district decided to raze the old building and called for bids on the job. Nichols was the successful bidder and by the terms of the contract he became the owner of the building with the obligation to raze it and clear away the debris.

Shortly after the letting of the job, Snedden approached Nichols about helping raze the building. No agreement was made between the parties at the first meeting, but Nichols was to call Snedden if he could use him. A couple of weeks later Nichols called Snedden about the job. No agreement was reached in these conversations but they did talk about how the walls should be taken down. Snedden had a Caterpillar tractor, cables, scoop, bulldozer and other equipment which Nichols did not have.

Without burdening the record with a detailed account of the negotiations the parties finally got together in an oral agreement. It was in the performance of this job that Snedden lost his life.

The claimants make six assignments of error but concede the principal question involved in this appeal is whether or not Snedden was an independent contractor or employee at the time of his death. The other errors involved relate back to this principal question.

The Commissioner and the district court both found Snedden to be an independent contractor and denied compensation.

On appeal the claimants contend that there was no substantial, competent evidence to support the findings of the court that Snedden was an independent contractor and not an employee of the respondent, Nichols, at the time of his accident and death.

The claimants argue vigorously and persuasively that the judgment is not supported by substantial, competent evidence when measured by the rule and standards applied in other cases determined by this court. They call our particular attention to those cases which involved the similar question of employee or independent contractor, citing among others, *Pottorff v. Mining Co.*, 86 Kan. 774, 122 Pac. 120; *McKinstry v. Coal Co.*, 116 Kan. 192, 225 Pac. 743; *Shay v. Hill*, 133 Kan. 157, 299 Pac. 263; *Dobson v. Baxter Chat Co.*, 148 Kan. 750, 85 P. 2d 1; *Davis v. Julian*, 152 Kan. 749, 107 P. 2d 745; *Schroeder v. American Nat'l Bank*, 154 Kan. 721, 121 P. 2d 186; *Kober v. Beech Aircraft Corporation*, 177 Kan. 53, 276 P. 2d 335; and *Evans v. Board of Education of Hays*, 178 Kan. 275, 284 P. 2d 1068.

While the question of employee or independent contractor is in these cases cited, only the approval or disapproval of the findings of the lower court on the issue was before the court on appellate review. With the exception of the Pottorff case the decision of the lower court was affirmed because there was substantial, competent evidence to support the decision. In the Pottorff case the court did reverse a finding the deceased was an independent contractor and not an employee. This case was decided before the passage of the workmen's compensation law and involved the primary question of whether a contract between the parties relieved the employer of tort liability.

This rule of law is well established and with much certainty. The question before the trial court below was whether the decedent was at the time of his injury and death acting as an independent contractor or whether he was an employee of the respondent. With the issue resolved as a question of fact below it is not before us now. Under the provisions of G. S. 1949, 44-556, the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. While we have the same transcript before us as the district court it is not the province of this court to determine whether the evidence duly weighed and considered in

the light of the legal definition of independent contractor, or master and servant, supports one conclusion better than another. The question here is: "Was there evidence, *whether opposed or not,* warranting a reasonable inference, although a contrary inference might reasonably be drawn, to sustain the judgment of the district court?" (*Shay v. Hill,* supra; *Silvers v. Wakefield,* 176 Kan. 259, 270 P. 2d 259; *McDonald v. Rader,* 177 Kan. 249, 277 P. 2d 652; *Shue v. LaGesse,* 173 Kan. 309, 245 P. 2d 966; *Burns v. Topeka Fence Erectors,* 174 Kan. 136, 254 P. 2d 285; *Rothman v. Globe Construction Co.,* 171 Kan. 572, 235 P. 2d 981; *Wilbeck v. Grain Belt Transportation Co.,* 181 Kan. 512, 313 P. 2d 725; *Pinkston v. Rice Motor Co.,* 180 Kan. 295, 303 P. 2d 197; *Johnson v. Skelly Oil Co.,* 181 Kan. 655, 312 P. 2d 1076; *Barr v. Builders, Inc.,* 179 Kan. 617, 296 P. 2d 1106; and *Evans v. Board of Education of Hays,* supra.)

We have also held many times that whether a judgment is supported by substantial, competent evidence is a question of law as distinguished from a question of fact (*Hill v. Etchen Motor Co.,* 143 Kan. 655, 56 P. 2d 103; *Beaver v. Tammany Industries,* 180 Kan. 440, 304 P. 2d 501; *Pinkston v. Rice Motor Co.,* supra, and authorities cited therein).

It is the general rule that the term "independent contractor" is one who, exercising in independent employment, contracts to do a piece of work according to his own methods without being subject to control of his employer, except as to the result of his work, and an independent contractor represents the will of his employer only in the result of his work and not as to the means by which it is accomplished. (*Pottorff v. Mining Co.,* supra; *Shay v. Hill,* supra; *Mendel v. Fort Scott Hydraulic Cement Co.,* 147 Kan. 719, 78 P. 2d 868; *Bittle v. Shell Petroleum Corp.,* 147 Kan. 227, 231, 75 P. 2d 829; *Evans v. Board of Education of Hays,* supra.)

It is not the exercise of direction, supervision or control over a workman which determines whether he is a servant or an independent contractor, but the right to exercise such direction, supervision or control. (*Schroeder v. American Nat'l Bank,* supra; *Davis v. Julian,* supra; *Evans v. Board of Education of Hays,* supra; *Shay v. Hill,* supra; *McKinstry v. Coal Co.,* supra.)

The "right of control test" is not an exclusive test to determine independent contractor or employee relationship. Other relevant

factors must also be considered. See the authorities in the paragraph above.

In the instant case the court found the respondent Nichols was a contractor; that he entered into an agreement to use the decedent to raze the walls of the school building; that he used the decedent and his tractor and also had the decedent do hauling for him; that he had the right to fire decedent; that he did not tell the decedent how to perform the work; that the decedent hired his own employees and was a contractor engaged in other jobs at the same time he was doing this one. The court also found that it was the decedent who gave instructions based on his experience and knowledge as to where to hook the cables on the building.

We have carefully examined the evidence in the record before us and after applying the aforementioned rules of law we have concluded that there was substantial, competent evidence to support the trial court's finding that the decedent was an independent contractor at the time of his injury and death and not an employee of respondent.

Other questions raised by the claimants have been examined but in view of the holding here are without substantial merit insofar as they affect the conclusion reached by the trial court.

The judgment is affirmed.