No. 41,721

CLYDE F. RAKES, *Appellee*, v. WRIGHT COOPERATIVE EXCHANGE, FARMERS ELEVATOR MUTUAL CASUALTY COMPANY, FARMERS ELEVATOR MUTUAL INSURANCE COMPANY, *Appellants*.

(347 P. 2d 389)

Opinion filed December 12, 1959.

*Clarence N. Holeman*, of Wichita, argued the cause and was on the brief for the appellants.

*Keith M. Wilcox*, of Sublette, argued the cause, and *Richard A. Hickey* and *Rex A. Neubauer*, both of Liberal, and *Collis R. Harner*, of Dodge City, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case, and the employer and its insurance carrier appeal from the award.

The only question involved is whether the finding that the workman sustained a five per cent permanent partial disability is supported by any substantial evidence.

The facts surrounding the accidental injury and resulting dis-

ability need not be detailed. It is sufficient to say that on March 5, 1956, the workman, a truck driver, while assisting in loading oats with the use of a mechanical grain auger, fell astraddle the auger and it struck him between his legs and across his back when he fell against the side of the truck. He was hospitalized. Prior to the accident he weighed 175 pounds, but at the time of hearing on his claim for compensation weighed only 140 pounds. He continued to experience severe pains in his back, although such fact did not disable him from employment.

At the conclusion of the hearing the commissioner made an award for temporary total disability and for medical expenses, with which we are not concerned, and found that the workman had suffered a five per cent permanent partial disability and made an award accordingly.

On appeal, the district court, after reviewing the record, approved the commissioner's findings and adopted them as its own.

From that judgment respondents have appealed.

Almost every month this court has occasion to repeat the familiar rule pertaining to appeals in workmen's compensation cases to the effect that its jurisdiction is limited to the determination of questions of law, which, as applied to facts, means that this court reviews the record only to determine whether it contains substantial evidence to support the trial court's findings, and that in so doing all of the evidence is reviewed and considered in the light most favorable to the prevailing party in the trial court. If substantial evidence appears, such findings are conclusive and will not be disturbed on appellate review. (*Snedden v. Nichols*, 181 Kan. 1052, 317 P. 2d 448; *La Rue v. Sierra Petroleum Co.*, 183 Kan. 153, 325 P. 2d 59; *Weimer v. Sauder Tank Co.*, 184 Kan. 422, 425, 337 P. 2d 672, and cases cited in those opinions.)

Specifically, then, the question here is whether there is any substantial evidence in the record to support the trial court's finding that the workman sustained a five per cent permanent partial disability.

In answer to this question we merely state that the record has been read and considered, and that the question must be answered in the affirmative. Such being the case, the judgment is affirmed.