No. 41,709

RALPH BOWLER, *Appellant*, v. ELMDALE DEVELOPING COMPANY, INC., and IOWA MUTUAL INSURANCE COMPANY, *Appellees*.

(347 P. 2d 391)

Opinion filed December 12, 1959.

*Robert S. Lomax*, of Wichita, argued the cause, and *Fred J. Gasser*, of Wichita, was with him on the briefs for the appellant.

*H. E. Jones* and *William R. Smith*, both of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Wm. P. Thompson, Jerome E. Jones* and *Robert J. Roth*, all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. The workmen's compensation commissioner made an award to claimant. On appeal, the district court reviewed the record taken at the hearing before the commissioner and found claimant injured his back by accident resulting in twenty-nine weeks of total temporary disability, less three days claimant worked, and a twenty-five per cent permanent partial disability; that claimant had been paid

$238 in error, and further found that certain medical expenses in specified amounts had been incurred. The trial court then found and concluded as a matter of law that claimant was an independent contractor and not an employee of the respondent herein, and entered judgment for the respondent, the Elmdale Developing Company, Inc. From this order, claimant appeals.

The sole question for our determination is whether there was any evidence to sustain the trial court's finding and conclusion of law that claimant was an independent contractor and not an employee of respondent. Whether the judgment of the trial court in a workmen's compensation case is supported by substantial, competent evidence is a question of law as distinguished from a question of fact. (*Rakes v. Wright Cooperative Exchange,* No. 41,721, this day decided, 185 Kan. 794, 347 P. 2d 389; *Coble v. Williams,* 177 Kan. 743, 747, 282 P. 2d 425.) Our review of the record discloses there is no dispute as to the facts. Therefore, the decision below was based upon an application of the law to an undisputed set of facts, and this court has jurisdiction to pass upon that question. (G. S. 1957 Supp., 44-556; *Roth v. Hudson Oil Co.,* 185 Kan. 576, 345 P. 2d 627.)

The undisputed facts, as shown by the record, may be summarized as follows: It was stipulated that respondent was operating under the workmen's compensation act, that Iowa Mutual Insurance Company was the insurance carrier, that notice was had and that written claim for compensation was made by claimant within the statutory period, and that compensation of $238 had been paid. There was no dispute as to how claimant suffered his injury or as to the question of the extent of claimant's disability.

Mr. McClellan testified that he had worked for the Elmdale Developing Company, Inc., respondent (appellee), and at that time his job was to supervise one project—the building of thirteen houses; that when he was hired by respondent his final agreement was made with the president of the company; that he, as supervisor of the project, hired Ralph Bowler, claimant (appellant), to work as a sider to side the houses at seventy-five dollars a house; that the siding and the other material were furnished by respondent, and that claimant furnished his own hand tools, a practice customary to all carpenters. McClellan told claimant he could not guarantee him all thirteen houses because respondent had its own siders, who were out of town and might return, and the company would keep

its own men busy first. He also testified that he was "to boss" claimant and if his work had not been done right he could have fired him.

When McClellan was asked what supervision or control, if any, he exercised over claimant, he stated:

"A. First, if the work wasn't done right I could fire him. Second, during the changes on each house I'd show him what the changes were, or if there was changes made over and above what the plan showed, I'd tell him also. . . . A. Also I'd tell him what job to go to, that we changed on several."

"Q. Each time he finished a house you told him what next house to go to, is that right? A. He'd always come to me and I'd tell him which one."

McClellan also stated he supervised the job to see that it was done properly, as he "was concerned about the way the siding was put on these different elevations because of FHA inspection." He inspected claimant's work each day and would have fired claimant if he had refused to do as instructed. Claimant made changes under McClellan's direction. He was paid every two weeks and not as he finished each house.

Claimant testified that McClellan supervised his work and showed him where to put the siding on the houses; that McClellan checked on him one to five times each day to see that the work went as he wanted it to go. Claimant further stated, "I done just what he [McClellan] told me to do." Other evidence to the same effect need not be narrated.

At the outset it may be stated that the question presented in this case was thoroughly dealt with in *Evans v. Board of Education of Hays*, 178 Kan. 275, 284 P. 2d 1068, and cases cited therein, in which we held:

"An independent contractor generally is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer, except as to the result of his work."

"A master is a principal who employs another to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service."

"A servant is a person employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master."

It is not the exercise of direction, supervision or control over a workman which determines whether he is a servant or an independent contractor, but the right to exercise such direction, super-

vision or control. (*Schroeder v. American Nat'l Bank,* 154 Kan. 721, 121 P. 2d 186; *Davis v. Julian,* 152 Kan. 749, 756, 107 P. 2d 745.) In the instant case, not only was the right to control and restrict the work of claimant evident, but the undisputed evidence disclosed that such control, supervision and direction over the method of accomplishing the work was exercised by an agent of respondent, even to his authority to discharge claimant.

The fact that claimant was to receive the sum of seventy-five dollars a house does not alter the situation. Again in *Evans v. Board of Education of Hays,* supra, and cases therein cited, we stated that a workman who is paid wages by the piece or quantity comes within the workmen's compensation act, the same as one who is paid by the day. Inasmuch as the cases cited therein are well analyzed, no useful purpose would be gained in reiterating what has already been said.

We conclude from the undisputed record there was no evidence to support the trial court's finding and conclusion that claimant was an independent contractor. The record discloses claimant was as a matter of law an employee of the Elmdale Developing Company, Inc. Therefore, the judgment of the trial court is reversed and the case is remanded with directions to determine the amount due claimant under the workmen's compensation act and to enter judgment accordingly.

It is so ordered.