No. 42,630

CHARLES H. KRUG, *Appellant*, v. O. A. SUTTON and FIDELITY AND CASUALTY COMPANY, *Appellees*.

(366 P. 2d 798)

Opinion filed December 9, 1961.

*George Forbes*, of Eureka, argued the cause, and *Thomas C. Forbes* and *Harold G. Forbes*, both of Eureka, were with him on the brief for the appellant.

*Harry E. Robbins, Jr.,* of Wichita, argued the cause, and *Dwight S. Wallace* and *Donald C. Tinker, Jr.,* both of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case. The commissioner and district court denied compensation, and claimant has appealed.

A very brief résumé of the facts will be sufficient for the purposes of this case. Claimant, Charles H. Krug, had been in business for himself since 1950, operating under the name of Krug Construction Company. Much of his work consisted of "earth moving," under contracted jobs. He ran his own business, figured his profit and loss, and made his own quarterly estimate income tax returns. During the fall of 1956 and the spring of 1957 Krug contracted to do various earth-moving jobs for the O. A. Sutton Ranch. He owned two heavy earth-moving machines which he used in his business.

On April 15, 1957, Krug Construction Company was engaged in building a bird pond under contract for the Sutton Ranch. Purkeypile, Krug's employee, was doing the work with a bulldozer owned by Krug. Krug was present at the ranch to supervise Purkeypile in the operation of the bulldozer. While present at the ranch Krug sought out the wild-life manager to advise him that it was too muddy to operate the bulldozer, and inadvertently touched a charged wire on the bird pen and received an electric shock. He experienced a weakening feeling and a cooling in his chest. Later on he experienced heart trouble, the details of which need not be related.

He subsequently filed a claim for compensation. The commissioner, after a full hearing, expressed doubt that claimant had proved an employer-workman relationship and that the electric shock suffered by him was in any way related to his present coronary condition. The commissioner specifically found that on June 4, 1957, claimant was told that he was totally disabled but that he did not file his application for a hearing until over three years from that date, and, no compensation having been paid, held that claimant was barred, and denied compensation.

On appeal, the district court found:

". . . The court finds from the evidence, considering the nature of the business in which each of the parties was engaged and the general arrangements that existed between them, that the claimant was an independent con-

tractor and not an employee of the respondent. The court also finds that from the evidence presented in this case it cannot find that the electric shock was the cause of the claimant's coronary condition. The court further finds that the claimant did not file his application for hearing within a reasonable time, such application having been filed more than three years after the date of the alleged accident and no compensation having ever been paid to claimant."

and denied compensation.

Claimant has appealed.

The rule is elementary that in appeals to this court in compensation cases our function is to review the record in the light most favorable to the prevailing party, and if there is any substantial competent evidence to support the findings below they are conclusive and are not to be disturbed on appeal. Here the trial court found against claimant on each of the three mentioned propositions. If the finding that claimant was an independent contractor and not an employee of respondent is supported by the evidence this case is disposed of and the other two questions become moot.

We see no occasion to enter into a lengthy discussion of what does or does not constitute an "independent contractor." The term has been defined in many decisions and, generally speaking, it may be said that an independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer except as to the result of his work. (*Evans v. Board of Education of Hays,* 178 Kan. 275, syl. 2, 284 P. 2d 1068; *Snedden v. Nichols,* 181 Kan. 1052, 1055, 317 P. 2d 448, and *Bowler v. Elmdale Developing Co.,* 185 Kan. 785, syl. 2, 347 P. 2d 391.)

In addition to the facts heretofore related, the record shows that claimant contracted the job in question to be performed either by himself or his employees; he supplied the equipment and operators; he was not required to be present on the job; was not told how to build the pond and was not told how to run his machines, when to run them or how many to use; he could and did perform other contract jobs while working on this contract; compensation for the job included the heavy machines as well as the operator, and that he was not subject to control of respondent except as to the *result* of the work being done.

All of these matters are consistent with the fact that he occupied the position of an independent contractor rather than an employee, and support the trial court's finding in that regard. Such being the case, the other two findings are moot and require no discussion.

The judgment is affirmed.