No. 42,815

WINIFRED M. SHINDHELM (Widow, B. M. Shindhelm, Deceased), (Claimant), *Appellee*, v. JIMMY RAZOOK, d/b/a MAX OIL COMPANY and RAZOOK SUPER MARKET (Respondent), and TRAVELERS INSURANCE COMPANY (Insurance Carrier), *Appellants*.

(372 P. 2d 278)

filed June 9, 1962.                                                           Opinion

*Tudor W. Hampton*, of Great Bend, argued the cause, and *Jerry M. Ward* and *Herb Rohleder*, both of Great Bend, were with him on the briefs for the appellants.

*Richard M. Driscoll,* of Russell, argued the cause, and *Jerry E. Driscoll* and *Eric E. Smith,* both of Russell, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is a workmen's compensation case.

The proceeding was instituted by Winifred M. Shindhelm (hereinafter referred to as claimant or appellee), the widow of B. W. Shindhelm, deceased, against Jimmy Razook, d/b/a Max Oil Company and Razook Super Market and Travelers Insurance Company (hereinafter referred to as respondents or appellants).

In submitting the cause to the Commissioner, now Director (see Laws 1961, Chapter 243, Section 7, now G. S. 1961 Supp. 74-710), matters stipulated by the parties, important to the issues, were:

". . . that the respondent was operating under the Workmen's Compensation Act; that B. W. Shindhelm sustained personal injury resulting in his death on May 6, 1959; that the Travelers Insurance Company is the insurance carrier; that notice was had and written claim made within the statutory period; that respondent paid B. W. Shindhelm $105.00 per week for his services.

". . . questions remaining in issue are: (1) whether the injury arose out of and in the course of employment; (2) whether the relationship of employer and employee existed; . . ."

A hearing before the Commissioner resulted in findings which, so far as here pertinent, read:

"It is found, in addition to the admissions of the parties, that B. W. Shindhelm was an employee of Jimmy Razook in that not only did Mr. Razook have the right of control over Mr. Shindhelm's actions, but on occasions did control the types and kinds of work that he would do; that the average weekly wage of B. W. Shindhelm was $105.00; that B. W. Shindhelm sustained personal injury from the automobile-train accident arising out of and in the course of his employment resulting in his death on May 6, 1959. The Examiner finds that on the evening of May 6, 1959, the deceased was engaged in securing some parts to repair a pumping unit for the respondent, and that he was returning to Russell, Kansas, to secure that part from an oilfield supplier in Russell. Therefore, notwithstanding that fact that he was also a resident and lived in Russell, he was in the course of employment at the time the accident occurred."

and, based on such findings, an award to claimant, from which respondents appealed to the district court.

What happened in district court is perhaps best reflected by recitals contained in its journal entry of judgment.

Omitting provisions of no importance to the instant appeal, relating to the amount of compensation found to be due and payable, pertinent portions of the trial court's findings and its award read:

"Now, on this 5th day of September, 1961, the court, having considered the respective arguments of counsel, the transcript of the testimony, evidence, exhibits, and record in said cause, and having made an independent examination and determination and being fully advised in the premises finds from the evidence, that the findings, ruling, decision, and award of the Workmen's Compensation Commissioner of the State of Kansas should be approved, affirmed, ratified and adopted by the court, and which findings, decision and award of the Workmen's Compensation Commissioner which this court approves, affirms, ratifies and adopts are as follows:

[Here follows the findings (herein previously quoted) and the award of the Commissioner.]

"It Is Therefore by the Court Considered, Ordered, Judged and Decreed that all of the court's findings hereinabove set out be, and the same are hereby made the findings, ruling, decision, award and judgment of this court; and the court renders judgment in favor of Claimant, . . ."

When judgment was rendered in accord with the foregoing findings and award respondents perfected the instant appeal wherein, under proper specifications of error, they raise questions respecting the propriety of the trial court's judgment to which we shall presently refer.

These questions, it may be stated, will be considered by this court in accord with its view of the manner in which they should be disposed of, without regard to the order in which the appellants present them in their brief.

The first error assigned by appellants is that the district court erred in finding the decedent B. W. Shindhelm to be an employee of Razook, instead of an independent contractor. Appellants' argument on this point is predicated on the premise decedent was an independent contractor in his relationship with Razook and not an employee under the Workmen's Compensation Act. Thus, under our decisions as we understand them (See, e. g., *Evans v. Board of Education of Hays,* 178 Kan. 275, 277, 284 P. 2d 1068; *Snedden v. Nichols,* 181 Kan. 1052, 1055, 317 P. 2d 448; *Bowler v. Elmdale Developing Co.,* 185 Kan. 785, 786, 347 P. 2d 391), since the evidence on the subject is conflicting, the question before us is "Was there any evidence, whether opposed or not, warranting a reasonable inference, although a contrary inference might reasonably be drawn, to sustain the trial court's decision on this subject? We think there was. Resort to the record fairly discloses, among other things, that Shindhelm was employed by Razook as an oil production superintendent; that R paid S (as the parties stipulated before the Commissioner) the sum of $105 per week for his *services;* that S was

paid by the day not by the job; that bills incurred by S while working on R's leases were paid by R; that while working on such leases S furnished only part of the tools required; that R could have discharged S at any time; that anyone hired by S to assist him in his work on R's leases would have been an employee of R; and, last but not least, that R admitted that he not only had the right to exercise direct supervision or control over S's activities, while working on the leases, but exercised that right and had the "final say so" in controlling the physical conduct of S in connection with the performance of his services. In the face of the foregoing facts, and applying the rules laid down in the foregoing cases for a determination of the above stated question, we have no difficulty in concluding there was substantial competent evidence to support the trial court's finding that S was an employee of R and not an independent contractor.

The accident resulting in Shindhelm's immediate death occurred at a railroad crossing at Geneseo, Kansas, while he was enroute from the southeastern part of the state to Russell. Having determined the status of the relationship existing between Razook and Shindhelm it may now be stated that all of appellants' remaining claims of error are based upon contentions respecting sufficiency of the evidence to sustain the heretofore quoted award.

In approaching these contentions we deem it necessary to again point out that on appellate review in workmen's compensation proceedings (1) it is the function of the trial court, not that of the appellate court, to pass upon the facts and this court has no jurisdiction over questions of fact on appeal under the Workmen's Compensation Act; (2) the question whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when it is determined by the district court will not be disturbed by this court where there is substantial evidence to sustain it; (3) whether the judgment is supported by substantial competent evidence is a question of law as distinguished from a question of fact; and (4) in reviewing the record to determine whether it contains substantial evidence to support the district court's judgment, this court is required to review all the evidence in the light most favorable to the party prevailing below, and if there is any evidence to support the judgment it must be affirmed even though the record discloses some evidence which might warrant the district court making a contrary decision.

For a like statement of the foregoing rules, and citation of numerous decisions and authorities supporting each of them, see *Phillips v. Skelly Oil Co.,* 189 Kan. 491, 492, 493, 370 P. 2d 65.

The nature of appellants' first claim with respect to the sufficiency of the evidence is indicated in their third specification of error wherein it is charged the trial court erred "in considering improper and incompetent evidence which should have been excluded and disregarded which would have resulted in there being no evidence to support the findings and decision." Specifically, much of appellants' argument in support of their position on this point is based on claims, strenuously urged, that the evidence of record in this case, with respect to Shindhelm's status as an employee at the moment of the accident, is based entirely on hearsay, *i. e.,* testimony by witnesses relating to information, and inferences to be drawn therefrom, acquired by them during conversations and relations had with Shindhelm shortly prior to his death, which should have been excluded as incompetent when objection was made thereto by them on that basis.

We do not agree that all testimony of the character complained of was inadmissible under the rules of evidence applicable to procedure in court. However, assuming *arguendo* that it was, it does not follow that such evidence was not entitled to probative force and effect in a workmen's compensation proceeding. In our recent decision of *Pence v. Centex Construction Co.,* 189 Kan. 718, 371 P. 2d 100, faced with contentions similar to those now under consideration, we had occasion to write at length on the subjects of admissibility of hearsay evidence and the probative force and effect to which it is entitled when admitted in workmen's compensation cases. It is neither necessary nor required that we again repeat what is there said and held on those subjects. See pages 722 to 725, incl., of the opinion in that case, which are hereby referred to by reference and made a part of this opinion as fully as if they were incorporated herein. All that need be said is that we adhere to portions of the *Pence* case, to which we have just referred, and the decisions therein cited and are of the opinion, when carefully reviewed, they compel a conclusion that, under the facts and circumstances of this case, the trial court did not err in admitting or in giving consideration to evidence of the character to which we have heretofore referred.

A further claim, made with respect to evidence admitted and considered by the trial court, is to the effect appellee was an incom-

petent witness to testify to conversations had by her with her deceased husband. This claim lacks merit and requires little attention. See *Pence v. Centex Construction Co.,* supra, where, with respect to a similar contention, we said:

". . . This court, for reasons stated in *McDonnell v. Swift & Co.,* 124 Kan. 327, 259 Pac. 695, has held that, in an action for compensation under the Workmen's Compensation Act by the widow as a dependent of a deceased workman, the widow is not, by virtue of R. S. 60-2804 [now G. S. 1949, 60-2804] or R. S. 60-2805 [now G. S. 1949, 60-2805, *Third*], incompetent to testify to communications made to her by her husband." (pp. 724, 725.)

Appellants place great weight on their claim the trial court erred in finding that Shindhelm was killed as a result of an accident arising out of and during the course of employment with appellant Razook. In the face of the foregoing decisions and what has been heretofore stated it is apparent the all decisive question presented by this claim of error is whether the record discloses substantial evidence to sustain the foregoing factual findings made by the Commissioner, as well as by the trial court. It would add nothing to our reports and we are not inclined to prolong this opinion by laboring the evidence adduced by the parties. It suffices to say that after a painstaking and extended examination of the entire record, reviewed in the light most favorable to the party prevailing in the court below, we are compelled to conclude such record discloses sufficient competent evidence on which the trial court could make each and every factual finding, to which reference has been heretofore made in this opinion. That, under the decisions to which we have previously referred, means such findings cannot be disturbed and requires an affirmance of the judgment. This, it may be added, must be our conclusion under the established law of this jurisdiction even though it be conceded, as appellants contend, the record discloses evidence which, if the trial court had seen fit to give it credence, would have supported contrary findings.

Appellants' contention the decedent had left the duties of his employment and was therefore under the provisions of G. S. 1949, 44-508 (*k*), at the time of his accidental death finds its answer in what has been heretofore stated and held, hence it requires little, if any, attention. Even so we feel impelled to state that, in view of the trial court's specific findings on that subject, the fact decedent lived in the same town (Russell) where he was enroute to buy repair parts for his employer must be regarded as a pure coincidence.

The judgment is affirmed.