No. 43,440

JIMMIE DAN SNYDER, *Appellant,* v. GARY LAMB d/b/a LAMB's LANDSCAPING, and WESTERN CASUALTY AND SURETY COMPANY, *Appellees.*

(381 P. 2d 508)

Opinion filed May 11, 1963.

*Morris Matuska,* of Pittsburg, argued the cause, and *Oren Gray,* of Parsons, was with him on the brief for the appellant.

*Glenn Jones,* of Parsons, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case. Both the director and the district court found that with respect to respondent the claimant occupied the status of an independent contractor,

rather than an employee—and therefore denied compensation. The claimant has appealed.

The question presented is whether the district court's finding is supported by substantial competent evidence.

Highly summarized, the background of the matter is this:

Respondent Lamb had a contract to raze an old gasoline service station in Parsons and to clean up the site in order that new construction work could be done. One Walker had a subcontract with Lamb to remove the building. Claimant Snyder lived in the same block in which the service station was located. He was an employee of the Freeto Construction Company. That company is in no way involved in this case. In the evening of October 6, 1961, claimant Snyder, after having worked all day for his employer, saw Lamb and talked to him about buying some of the windows in the service station which was being razed. Claimant wanted to use them in constructing a garage in his backyard down the street. Lamb told him that he could have them if he took them out. Claimant then went right to work, with his own tools, and removed several of the windows. His brother and father assisted him. Later that evening Lamb advised claimant that Walker was angry because he, Lamb, was permitting claimant to have part of the salvage. It was then agreed that claimant would not keep the windows and other material he had removed and that Lamb would pay him two dollars for his labor. Payment was to be made the next morning.

On the next morning, however, Lamb reported to claimant that he and Walker had had a disagreement; that Walker had refused to tear down the building, and that if he, claimant, wanted the salvage material he could go ahead and take it out. Lamb told him that he could have all the material he could get out by the time that he, Lamb, was ready to tear down the building with his heavy equipment, and further told him to tear off the front part of the roof first so that he, Lamb, could knock down the front of the building with his heavy equipment while claimant was tearing off the back part of the roof. Payment of the two dollars was not made.

Using all of his own tools, and with the assistance of his father and brother-in-law and several friends, claimant then proceeded with his work of wrecking portions of the building in order to get material to be used in the construction of the garage at his

home a few doors down the street. While claimant and his helpers were removing the material Lamb and his own employees were working east of the service station tearing up a foundation and sidewalk where a house had been removed.

While working on the project in question claimant fell and sustained personal injury. Lamb was not present at the time. When he returned to the site claimant and his father asked him if his, Lamb's, insurance would cover him and requested that Lamb put claimant on the payroll. Lamb refused and advised claimant that he was not covered by his, Lamb's, insurance. Following claimant's injury those who were helping him continued for the rest of the afternoon to remove and haul material from the building.

Later claimant filed a claim for workmen's compensation—with the result heretofore stated.

Rules pertaing to appellate review in workmen's compensation cases are exhaustively stated and discussed in the recent case of *Phillips v. Skelly Oil Co.*, 189 Kan. 491, 370 P. 2d 65, and there is no occasion to repeat them here.

The question whether, in a given situation, an injured workman occupied the status of an independent contractor—as distinguished from an employee—has been before this court many times. Generally speaking, an independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to control of his employer except as to the result of his work. (*Evans v. Board of Education of Hays*, 178 Kan. 275, 284 P. 2d 1068; *Bowler v. Elmdale Developing Co.*, 185 Kan. 785, 347 P. 2d 391; *Krug v. Sutton*, 189 Kan. 96, 366 P. 2d 798.) The right-of-control test is not, however, an exclusive test to determine the relationship—other relevant factors also are to be considered. (*Snedden v. Nichols*, 181 Kan. 1052, 1055, 1056, 317 P. 2d 448.)

Examining the record in this case, it is clear that no contract of employment was entered into. Wages, hours of employment, and the usual matters connected with an employer and employee relationship, were not discussed. In fact, the situation simply amounted to the proposition that claimant, who wanted some of the salvage material from the building being wrecked, was told by Lamb that he could have it for removing it. It was purely a loose, voluntary arrangement from the beginning to end, and the finding of the trial

court that claimant occupied the status of an independent contractor rather than an employee is fully supported by the evidence. The judgment is affirmed.