No. 27,243.

JAMES W. NEALEY, *Appellant*, v. THE WYANDOTTE ELEVATOR COMPANY and THE SOUTHWESTERN MILLING COMPANY, *Appellees*.

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Review—Conclusiveness of Trial Court's General Findings.* In an action by an employee to recover under the workmen's compensation law, a general finding of the court in favor of the defendant is conclusive in the supreme court where there was evidence which tended to prove that the plaintiff had not been injured.

Appeal from Wyandotte district court, division No. 4; CHARLES A. MILLER, judge. Opinion filed March 12, 1927. Affirmed.

*T. A. Milton* and *Hugh J. Smith,* both of Kansas City, for the appellant.

*John E. McFadden, O. Q. Claflin, Jr.,* both of Kansas City, *E. H. McVey, Samuel R. Freet* and *Lester G. Seacat,* all of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover under the workmen's compensation law. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

Appeal and Error, 2 R. C. L. 194. Workmen's Compensation Acts, C. J. p. 128 n. 29.

Besides other necessary allegations, the petition alleged that each of the defendants acted as agent for the other; that the plaintiff had been employed by the defendants; that the defendants had actual notice of the injury; that within ninety days after the accident occurred the plaintiff made verbal demand upon the defendants for settlement and for the compensation due him; and that within ninety days the plaintiff made written demand for a lump-sum settlement, offered to arbitrate his claim, and gave notice of his injuries to the defendants. The defendants answered separately, and put in issue the fact of the agency of each of the defendants to act for the other and the employment of the plaintiff by the defendants. The answers denied any accident through which the plaintiff could have been injured, and denied injury to the plaintiff.

There was difficulty in determining from the evidence who was the employer of the plaintiff, but a determination of that matter is not necessary at this time. The evidence of the plaintiff tended to prove that while he was working for one or both of the defendants an accident occurred in which he was injured. At the close of his evidence each of the defendants demurred thereto. On those demurrers the court made the following statement:

"Under the circumstances, the demurrers and motions will be overruled. We will let the supreme court say whether this is sufficient demand or not."

After that statement was made, the defendants introduced their evidence, some of which tended to prove that the plaintiff had not been injured. It may be conceded that notice of injury was properly given and request to arbitrate was made as required by law, but that left injury by accident during employment to be established before the plaintiff could recover. The court found "the issues herein in favor of the defendants and against the plaintiff." That finding was made on conflicting evidence. There was no jury. What was said in *Hoover v. Hoover's Estate,* 104 Kan. 635, 637, 180 Pac. 275, may be repeated here:

"There was a general finding in favor of the claimant. That finding determined every controverted question of fact on which there was evidence, in favor of the claimant. On evidence from which different persons might have reached different conclusions, that finding resolved those conclusions in favor of the claimant. These principles have been declared so ofter that it is useless to cite authorities to support them."

The judgment is affirmed.