No. 34,066

R. M. SLEDD, *Appellee*, v. J. F. MUNSELL, *Appellant*.

(86 P. 2d 567)

Opinion filed January 28, 1939.

*George B. Collins, William F. Pielsticker* and *W. C. Attwater*, all of Wichita, for the appellant.

*Ben Jones*, of Lyons, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action to cancel. a mineral conveyance and to quiet title. Plaintiff had judgment, and defendant appeals.

In plaintiff's petition it is alleged that the defendant Munsell is a broker engaged in the business of buying and selling oil-and-gas leases, and oil, gas and other minerals; that he is familiar with the value of oil-and-gas leases and of mineral properties in Rice county; that plaintiff is the owner of a small farm in that county which was occupied by him as a home; that plaintiff is past eighty years of age, and is subject to the infirmities of old age, and cannot read without spectacles; that in September, 1937, the defendant came to the home of plaintiff and told plaintiff he would pay him $50 in cash as a bonus for an oil-and-gas lease on his farm, and one dollar per acre thereafter for a term of ten years. Plaintiff stated that by reason of his age and infirmities he relied upon the statements and representations of the defendant that the instrument presented to him for his signature was an oil-and-gas lease, when in truth and in fact it was a mineral deed transferring an undivided one-half interest in the oil, gas and other minerals in and under plaintiff's farm for a term of fifteen years and as long thereafter as oil and gas might be produced from the land; that plaintiff was ignorant of the value of the minerals; that he had no intention of conveying any minerals or mineral rights in and under his land; that by reason of the false and fraudulent representations of defendant, plaintiff was induced to execute the mineral deed above described; that defendant caused such mineral deed to be recorded in Rice county. Plaintiff prays that such deed be canceled and set aside, and that his title be quieted against defendant and all persons claiming under him.

Defendant's answer was a general denial.

The case was tried by the court without a jury. It was stipulated that plaintiff had tendered and had paid to the clerk of the court the consideration received by plaintiff for the instrument.

The instrument in question introduced in evidence recited that the grantor, R. M. Sledd, has "granted, sold, conveyed, assigned and delivered, and by these presents do grant, sell, convey, assign and deliver unto said grantee an undivided one-half (½) interest in and to all of the oil, gas and other minerals" in and under the land described, for the period of fifteen years and as long thereafter as oil or gas is produced from the premises.

The court returned findings of fact which in part are as follows:

"The testimony introduced at the trial proved and the court finds, as follows:

"R. M. Sledd, the plaintiff, owns the land involved in the pleadings herein as his home, and has lived on the land for twenty-four or twenty-five years. The land consists of about twenty-five acres. The defendant saw him on September 6, 1937, at the plaintiff's place. At the trial plaintiff testified that he was eighty-four years old. The defendant came to plaintiff's home to obtain an oil-and-gas lease, and from the evidence it appears that the plaintiff did sign an oil-and-gas lease, which was afterwards returned to him by the defendant, as the plaintiff already had the land leased for oil and gas. The plaintiff has never been in the oil-and-gas business, nor dealt in oil-and-gas leases or mineral leases, and was not familiar with the value of oil leases or mineral rights.

"At the time the defendant called on the plaintiff they had a conversation in which they talked about a lease, and it appears from the evidence that something was said about a well which was to be drilled on the land within a year or the lease wouldn't be any good, and it appears that the plaintiff relied upon that statement.

"Afterwards, the plaintiff signed the instrument in controversy, which is designated 'sale of oil-and-gas royalty,' and received a consideration of $50. By the instrument the plaintiff did grant, sell, convey, assign and deliver to the defendant an undivided one-half interest in and to all the oil, gas, and other minerals in and under and that may be produced from the real estate for a period of fifteen years from September 6, 1937, and as long thereafter as oil and/or gas is produced from the premises. The instrument was acknowledged and filed for record September 7, 1937.

"The court finds from the evidence that the minimum market value of oil-and-gas mineral interests in the real estate at that time or soon after would be $50 per acre, and that on a basis of this land, one-half of the same would be worth $612.50.

. . . . . . . . . . . . . .

"The court finds that all of the parties referred to this conveyance as a royalty conveyance, whereas, in truth and in fact, the conveyance is a conveyance of the mineral rights in the land.

"The court finds the defendant is inexperienced, and does not appear to understand business, and from his appearance in court, and from his testimony, the court finds that he has no idea of the difference between oil and gas, and mineral, and royalty conveyances.

"The court finds from the testimony that the price paid the plaintiff for the mineral rights was grossly inadequate, and that while in truth and in fact the plaintiff thought he was signing either an oil-and-gas lease or a royalty conveyance, he in fact signed a mineral conveyance, and none of the witnesses testified, either for the plaintiff or the defendant, that the plaintiff was selling any mineral rights in the land. The court finds that although this is denominated a royalty conveyance, yet the same is in truth and in fact a mineral deed.

"From all the facts and circumstances surrounding the case, from seeing

the plaintiff in open court and hearing him testify in court, the court concludes and finds that the plaintiff is inexperienced, does not comprehend business matters, has no idea of the difference between a mineral conveyance or a royalty conveyance or an oil-and-gas lease, and that the price is grossly inadequate and it was never explained to him by anyone, or even represented to him in any manner that he was signing a mineral deed to any of his rights in the land.

"The court finds that immediately upon learning that he had signed a mineral conveyance, he filed this action to set the same aside, and tendered the amount received back into court."

Clearly the instrument executed by the plaintiff was of the type examined by this court in *Richards v. Shearer*, 145 Kan. 88, 64 P. 2d 56, and in *Shaffer v. Kansas Farmers Union Royalty Co.*, 146 Kan. 84, 69 P. 2d 4, and which in the latter case was designated as a "mineral deed." While the document signed by the plaintiff was entitled "sale of oil-and-gas royalty," it contained apt and appropriate words to convey the oil and gas in the ground. In the recent case of *Serena v. Rubin*, 146 Kan. 603, 72 P. 2d 995, a similar instrument was examined, and it was held to be a mineral deed severing the surface and the minerals.

The facts in the case before us are similar to the facts in *Serena v. Rubin*, supra. It was there held that while mere inadequacy of price may afford no ground to set aside a contract of sale, yet where a gross inadequacy of consideration is shown and also weakness of mind, illiteracy and inexperience of the grantors and where misrepresentations have been made by the grantee, courts of equity may properly grant relief by rescission and cancellation. We think the rule there announced applies to and governs the present case.

We have examined the various errors assigned. It is insisted there is no basis for the findings and judgment of the trial court. We think there was evidence to support the judgment. The rule is that a general finding made by a trial court determines every controverted question of fact in support of which evidence has been introduced. (*Hoover v. Hoover's Estate*, 104 Kan. 635, 180 Pac. 275; *Nealey v. Wyandotte Elevator Co.*, 123 Kan. 189, 254 Pac. 377.)

The judgment is affirmed.