No. 38,687

John T. Shue, Senior, *Appellant,* v. John B. LaGesse, *Appellee.*

(245 P. 2d 966)

July 3, 1952.                                                    Opinion filed

*Dale H. Corley,* of Garden City, argued the cause, and *Clyde P. Daniel,* also of Garden City, was with him on the briefs for the appellant.

*Logan N. Green,* of Garden City, argued the cause, and *Roland H. Tate,* and *Daniel R. Hopkins,* both of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is a workmen's compensation case. The trial court on review of the record of evidence taken by the compensation commissioner denied claimant-appellant compensation for the reason that respondent-appellee was not engaged in the building business as a contractor and was not operating under the provisions of the Workmen's Compensation Act in building work at the time of the injury complained of by claimant. Claimant brings the case here and contends that the trial court erred in each of its findings and conclusions for the reason that there is no substantial, competent evidence to support the trial court's findings and conclusions as related. The only question presented is whether there was any substantial competent evidence to support the trial court's findings and judgment.

Under G. S. 1949, 44-556, the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. Not being triers of fact as is the district court, we do not weigh conflicting evidence. (*Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846; *Goss v. McJunkin Flying Service*, 157 Kan. 684, 143 P. 2d 659; *Conner v. M & M Packing Co.*, 166 Kan. 98, 199 P. 2d 458.) We consider the evidence only for the purpose of determining whether, as a matter of law, there was any substantial evidence to support the judgment.

The rule long recognized in this state has been recently reiterated in *Rothman v. Globe Construction Co.*, 171 Kan. 572, 573-4, 235 P. 2d 981:

". . . In [reviewing questions of law] . . . it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary law suits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's finding or conclusion of fact." (Citing authorities.)

In the instant case, the record discloses a highly disputed question of fact as to whether respondent was at the time of the injury complained of engaged in the building business either as an individual or contractor. Claimant contended that respondent had

been a contractor over a period of years, and even though he may have retired from that business in 1941, that he had performed work as a contractor on several occasions and had hired the claimant to work on a job of remodelling the home of respondent's son at the time of claimant's injury. Respondent contended that he had been a contractor prior to 1941 but had retired from the building business in that year and thereafter spent most of his time in managing his rental property including eight or nine houses, doing the repair work himself; that he had hired but two men for a few days during that time to do repair work on his home; that since the year 1941 he had hired himself out to do carpenter work for some of his friends at day labor; he had worked as a head carpenter, foreman, and supervisor in doing carpenter work; he was always hired by the hour; that his son Donald P. LaGesse had contemplated an addition to his home and respondent volunteered to supervise the work for him without compensation; that his son was to provide and pay for all labor and materials; that his son paid all labor direct, as well as material bills.

No useful purpose could be gained by reiterating the evidence in the somewhat lengthy record taken in this case. As stated, it was a highly disputed question of fact between the parties and we believe an examination of the record reveals substantial competent testimony to sustain the trial court's findings and judgment. It is not for us to say what testimony should be given credence and what evidence should be disbelieved. We have neither the duty nor the authority to weigh the evidence and it is of no consequence that if we had been the triers of fact, we might have reached a different conclusion than the trial court respecting the facts. Under the rule often announced, it is the function of the trial court, not the appellate court, to weigh such conflicting evidence.

In view of the record, we find substantial competent evidence to sustain the trial court's findings and judgment that respondent was not at the time of the injury complained of by claimant sufficiently engaged in the building business as a contractor, and that he was not operating under the Workmen's Compensation Act in the building work.

The judgment of the lower court is affirmed.