No. 38,842

GEORGE H. BURNS, *Appellant*, v. TOPEKA FENCE ERECTORS, *Appellee*.

(254 P. 2d 285)

Opinion filed March 7, 1953.

*George E. McCullough*, of Topeka, argued the cause, and *Robert L. Kimbrough*, of Topeka, was with him on the briefs for the appellant.

*Robert A. McClure*, of Topeka, argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb, Ralph W. Oman*, and *James D. Waugh*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is a workmen's compensation case. The district court found claimant was not entitled to compensation for partial

permanent disability and approved the award of the commissioner, which found claimant was not suffering from such disability.

The claimant has appealed to this court. He was placing and nailing siding shingles on the walls of a building. The ladder slipped, he fell to the ground and injured his left elbow. The injury is referred to in the record as a "tennis elbow" being common to tennis players who get partial loss of the use of the elbow and suffer intermittent pain in the elbow region. He was given medical treatment and after some time accepted employment at a gasoline filling station for the reason, as stated by him, he could perform most of those duties by using his right arm. At that employment he earned more per week but was required to work longer hours.

It will add nothing to the compensation law to review the lengthy testimony, including that of three expert orthopedic physicians. The testimony of the experts differed somewhat, as is often the case. At the hearing only two of the physicians testified. They differed somewhat on the question of partial permanent disability and consequently also on the question of need for further treatment.

After the hearing was concluded appellant requested an examination by a neutral physician which request he had a legal right to make. (G. S. 1949, 44-516.) It was granted. The testimony of the neutral physician was not what appellant hoped it would be. Counsel for appellant cross-examined him concerning his testimony and the reasons therefor, as the law permits where competency of the testimony of such physician is involved. (G. S. 1949, 44-519.) Briefly stated, it may be said that in his testimony there is support for the commissioner's finding of no partial permanent disability. The district court found likewise and approved the decision of the commissioner.

Appellant argues there was no substantial competent evidence to support a denial of partial permanent disability. Unfortunately for appellant, we are obliged to disagree. It must always be remembered that on appellate review this court is not concerned with contradictory testimony of various witnesses or even with contradictions in the testimony of the same witness and that this court does not determine the truth or weight of testimony. That is solely the function of the commissioner in the first instance and of the district court on appeal. (*Shue v. LaGesse,* 173 Kan. 309, 245 P. 2d 966.) This court is concerned only with the findings of the district court. The function of this court, as frequently stated, is only to review

the record for the purpose of determining whether there is substantial competent evidence to support an award for compensation or an award denying compensation. If the record discloses evidence supporting either award we have no alternative under our limited jurisdiction except to affirm the decision of the district court even though we might have reached a different decision had we been the triers of the facts. Under such circumstances the decision of the district court is conclusive on appeal. (*Nealey v. Wyandotte Elevator Co.,* 123 Kan. 189, 254 Pac. 377; *Shue v. LaGesse,* supra.)

Appellant argues it was error to refuse to permit him to testify concerning his opinion as to his disability and whether, in his opinion, future treatment would be helpful. This he attempted to do after the hearing on his claim and after a neutral physician had been appointed and testified pursuant to appellant's request. Appellee argues the opinion of a layman is not competent for the purpose intended. We need not pursue appellee's contention.

The question here is whether it was reversible error to exclude such testimony of the appellant at the time it was offered. Assuming the commissioner had some discretion in the premises we cannot say it was abused by him or by the district court in approving the award. This question was fully considered in a case involving a similar request by a respondent. The request was denied and this court affirmed the judgment. (*Baker v. St. Louis Smelting & Refining Co.,* 145 Kan. 273, 65 P. 2d 284.)

The compensation act provides its own full and complete procedure. That procedure is exclusive of all others. The act borrows nothing from the civil code or other statutes. (*Brewington v. Western Union,* 163 Kan. 534, 183 P. 2d 872; *Dean v. Hodges Bros.,* 170 Kan. 333, 335, 224 P. 2d 1028.) It makes no provision for supporting, supplementing or rebutting the testimony of a neutral physician appointed at the request of either party after the parties have had a full hearing. These matters were all considered in the case of *Baker v. St. Louis Smelting & Refining Co.,* supra. Attention was there directed to the fact that it was the legislative purpose and intent to provide for a speedy hearing and early determination of a workman's claim and that to permit testimony supporting or rebutting the testimony of a neutral physician, under the circumstances stated, might well defeat the true purpose and intent of the act by extending and continuing hearings and the final decision indefinitely.

In the Baker case it was also held the denial of respondent's request did not deprive it of due process of law under section one of the fourteenth amendment to the federal constitution or violate its rights under section one of the Kansas bill of rights. The rule, of course, must apply with equal force to appellant's request in the instant case.

Appellant further argues the provisions of the compensation act should be liberally construed in favor of the workman with a view of effectuating its purpose, citing *Mendel v. Fort Scott Hydraulic Cement Co.*, 147 Kan. 719, 78 P. 2d 868; *Alexander v. Chrysler Motor Parts Corp.*, 167 Kan. 711, 207 P. 2d 1179. This court is committed to that doctrine. Many other cases are to the same effect. But we find no *provision of the compensation act* involved in the instant case which requires interpretation or construction. Appellant's actual contention, when fully analyzed, is there was no substantial competent evidence to support a denial of partial permanent disability. This contention, as already indicated, cannot be sustained. The burden always rests on the claimant to establish his claim. The commissioner and the district court concluded he did not meet that burden of proof. The act requires them to act reasonably and without partiality. G. S. 1949, 44-523, provides:

"The committee, arbitrator, commissioner, or court, shall not be bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence, *and shall act reasonably without partiality,* and shall make and file its findings or award. . . ." (Our italics.)

From a review of the record presented to this court it cannot say the commissioner or the district court acted unreasonably or with partiality in reaching their decision. This is true even if this court might have reached a different conclusion had it been the trier of the facts.

It follows the judgment of the district court must be affirmed. It is so ordered.