No. 43,123

JOHN P. SIRICO (Claimant), *Appellee,* v. JESS BURCH (Respondent) and WESTERN CASUALTY AND SURETY COMPANY (Insurance Carrier) *Appellants,* and FOX CONSTRUCTION COMPANY (Respondent) and CENTRAL SURETY AND INSURANCE CORPORATION (Insurance Carrier), *Appellees.*

(375 P. 2d 596)

Opinion filed November 3, 1962.

*John G. Atherton,* of Emporia, argued the cause, and *Samuel Mellinger,* of Emporia, was with him on the briefs for the appellants.

*J. D. Lysaught,* of Kansas City, argued the cause, and *Lacy C. Haynes,* of Emporia, and *Miles D. Mustain,* of Kansas City, were with him on the briefs for appellees, Fox Construction Company and Central Surety & Insurance Corporation.

*Dale E. Spiegel,* of Emporia, argued the cause and was on the briefs for appellees, John P. Sirico.

The opinion of the court was delivered by

PARKER, C. J.: This is a workmen's compensation proceeding brought by John P. Sirico (hereinafter referred to as claimant), under the provisions of the Workmen's Compensation Act, particularly Chapter 246, Laws 1953, now G. S. 1961 Supp., 44-5a01 to 44-5a22, incl., against Jess Burch and his insurance carrier, Western Casualty and Surety Company (hereinafter referred to as Burch or as appellants), and Fox Construction Company and its insurance carrier, Central Surety and Insurance Corporation (hereinafter referred to as Fox or as appellees).

Before submitting the cause to the Compensation Director, and at his direction, hearings were conducted by an Examiner who, after hearing the evidence adduced by all parties, made a summary of such evidence which reads:

"Claimant testified that he had been a carpenter for about 10 years and for a considerable portion of that time had been particularly engaged in sheet

rock finishing; that on July 21 to July 26, 1960, he was working for Jess Burch tearing out a concrete wall and was working in a closed in area in a garage; that the garage was full of cement dust; that dust would kick back from the jack hammer onto his trousers; that it was very hot during this time and he was sweating profusely; that when he went home on July 26 he found he was broken out from the waist down; that it was about this time he concluded work for Jess Burch; that he went to work for Fox Construction Company on August 3; that while working for Fox he broke out all over his face, chest and arms; that one of the representatives of Fox asked him what the breaking out was; that he advised that the doctor had told him it was dermatitis; that the following day he was laid off, and has not worked since; that previous to the breaking out in July he had had no similar difficulty except for a rash on his hands which did not keep him from working; that he had certain medical bills for the years 1960 and 1961, consisting of bills for treatment at the Medical Arts Clinic and St. Mary's Hospital, and medical attention given him by Dr. Joe Barker and Dr. Joseph Hovorka.

"Mary Sirico, wife of claimant, testified that she recalled the claimant's breaking out on or about July 25 or 26; that she had never observed any such breaking out on his body since their marriage in 1949; and that she informed Jess Burch of the breaking out of claimant within ten days after its occurrence.

"Dr. Joseph Hovorka testified that claimant was suffering from acute contact dermatitis, caused by an extremely heavy exposure to cement dust; that this attack of dermatitis left claimant with allergies to numerous substances; that he first saw claimant on August 11, 1960; and that in his opinion claimant could not return to construction work or any work around wood."

In connection with his summarization of the evidence the Examiner then made findings and an award, in favor of claimant and against appellants (Burch and Western), all of which were filed with and approved by the Director and thereupon became his findings and award.

The findings on which the Director based his award read:

". . . that claimant contracted acute contact dermatitis while employed by Jess Burch sometime between July 21 and July 26, 1960; that said contraction of disease arose out of and in the course of claimant's employment by Jess Burch; that claimant was in fact incapacitated by the said disease on July 26, 1960, even though he did do some work thereafter; that respondent Jess Burch had notice of such contraction of disease as required by law; that written claim for compensation was timely filed; that as a result of the contraction of contact dermatitis claimant is totally and permanently disabled from performing any work of the same or similar nature to that which he was performing at the time the said disease was contracted; that claimant is entitled to be compensated at the rate of $38.00 per week for 415 weeks; and that claimant is entitled to recover all medical expenses, past and future, incurred at the direction of Dr. Joe Barker or Dr. Joseph Hovorka, in connection with the said contact dermatitis, not to exceed the total amount of $2,500.00."

Subsequently appellants perfected an appeal from the Director's award to the district court. So far as here pertinent such award reads:

"WHEREFORE, AWARD OF COMPENSATION IS HEREBY MADE in favor of the claimant, John P. Sirico, and against the respondent, Jess Burch and insurance carrier, Western Casualty and Surety Company for permanent total disability resulting from occupational disease contracted during the period of July 21 through July 26, 1960, . . ."

After hearing the appeal, in conformity with the provisions of G. S. 1961 Supp., 44-556, the district court found there was sufficient evidence introduced at the hearing to support the findings of the Director. This, it should be noted, is a finding which, under our decisions (see e. g., *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 727, 347 P. 2d 235, and *Davis v. Harin & Laughlin Construction Co.*, 184 Kan. 820, 822, 823, 339 P. 2d 41), must be treated in effect as a statement that after independent determination it "adopted" the Director's findings and award. Thereupon the court rendered judgment for the claimant in accordance with the findings and award of the Director. Appellants then perfected the instant appeal.

In approaching questions raised by the appellants in support of the over-all claim of error raised in their notice of appeal to the effect the trial court erred in rendering an award of compensation in favor of claimant and against them, *i. e.*, Burch as employer and Western as his insurance carrier, we note, at the outset, their statements that in their research they found only one Kansas case dealing with the occupational disease act and it was not concerned with the issues here involved. Assuming that by these statements they have reference to *Weimer v. Sauder Tank Co.*, 184 Kan. 422, 337 P. 2d 672, and mindful that we were there—as here—dealing with the right of a workman to recover a compensation award, under then comparatively new occupational disease statute, particularly 44-5a01, *supra*, from an employer for an occupational disease—there poisoning by aluminum fumes and here dermatitis—contracted during the course of employment, we cannot agree with appellants' position that case was not concerned with issues here involved.

In the Weimer case, after quoting at length from pertinent portions of the provisions of G. S. 1957 Supp., 44-5a01, now G. S. 1961 Supp., 44-5a01, that being the section of the statute in which the legislature gave workmen the right to recover for occupational diseases in workmen's compensation proceedings and outlined and

defined the conditions and circumstances under which awards of such diseases could be obtained, and with particular reference as to what a workman was required to show in order to establish his right to an award under the terms of 44-5a01, *supra,* we said and held:

". . . Therefore we hold the proviso on which appellants rely is to be construed as contemplating that in a claim for compensation, such as is here involved, all that is required of the workman as a condition to his right to receive compensation is to show that his disability, if otherwise within the provisions of such statute, is due to the peculiar and unusual hazards of the particular occupation in which he was engaged at the time that disability occurred." (p. 428.)

Notwithstanding they concede that claimant was injuriously exposed to the hazards of dermatitis while working for Burch between the dates of July 21, 1960, and July 26, 1960, the gist of several complaints made by appellants, when combined and considered together, is that there was no substantial competent evidence presented to the trial court which would sustain its heretofore quoted findings. We are not disposed to labor the evidence of record on which such findings are based. It suffices to say that after carefully reviewing the record we are satisfied it discloses substantial competent evidence to sustain each and all of such findings, including a finding, which is inherent in the other findings as made, that claimant's incapacity, resulting from occupational disease contracted during the period of July 21 through July 26, 1960, as found by the court, was due to the peculiar and unusual hazards of the particular occupation in which he was engaged at the time such disability occurred. It follows such findings are conclusive and will not be disturbed on appellate review, even though the record discloses some evidence which might have warranted findings to the contrary (see *e. g., Dexter v. Wilde Tool Co.,* 188 Kan. 816, 819, 365 P. 2d 1092, and cases there cited). And it further follows that the trial court's judgment and award, based on such findings, must be upheld unless, of course, under the facts of record other provisions of the statute (44-5a01 and 44-5a22, *supra.*) preclude the affirmance of such award and judgment.

Ignoring other provisions of the occupational disease statute, to which we have heretofore specifically referred, appellants direct our attention to the provisions of G. S. 1961 Supp., 44-5a06, which, so far as here pertinent reads:

"The date when an employee or workman becomes incapacitated by an occupational disease from performing his work in the last occupation in which he was injuriously exposed to the hazards of such disease, shall be taken as the date of the injury equivalent to the date of accident under the workmen's compensation act. Where compensation is payable for an occupational disease, the employer in whose employment the employee or workman was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer, shall be liable therefor, without the right to contribution from any prior employer or insurance carrier; . . ."

and insist that the foregoing provisions, when considered in connection with the facts of record, preclude the affirmance of the trial court's award and judgment.

The trouble, from appellants' standpoint, with all arguments advanced by them on this point is that inherent in the previously quoted findings of the district court is the finding that claimant was not injuriously exposed to the hazards of dermatitis in his second employment with Fox. It may be added that, in the face of the record presented, this was a finding of fact and is as binding on appellants as if it had been specifically set forth in the findings and judgment.

Thus we come to the question—does the record disclose some substantial competent evidence to sustain such finding? Without detailing the evidence it may be stated that we have painstakingly reviewed portions of the record touching on the point now in question and have reached the conclusion that, while it must be conceded there was some evidence which would have warranted the district court in making a contrary finding, if it had seen fit to do so, there was nevertheless some substantial competent evidence, which it obviously gave credence, to warrant its ultimate decision that claimant was not injuriously exposed to the hazards of dermatitis in his second employment. Therefore, having reached that conclusion and applying the universal rule of our decisions, to which reference has been heretofore made, we are constrained to hold appellants' position on the point now under consideration lacks merit and cannot be upheld.

We find nothing in the record or in other contentions advanced by appellants to warrant a reversal of the award and judgment. It is therefore affirmed.

ROBB, J. (concurring specially): While I agree with all the basic law stated in the majority opinion, I am of the further opinion this

is not a proper appeal and should be dismissed. The record reflects the principal arguments of all parties in the controversy center around a single question which is whether one insurance carrier (insurer for Jess Burch, the first employer) can shift the liability for compensation to another insurance carrier (insurer for Fox Construction Company, the second and last employer). The workmen's compensation act makes no provision for such a question to be raised on appeal to this court and I believe the workman, therefore, should not be forced into the expense of having appellate review thereof. I would dismiss the appeal.