No. 43,205

HAROLD C. KIRKSEY, *Appellee*, v. GENERAL MOTORS CORPORATION, Self-Insurer, *Appellant*.

(378 P. 2d 91)

Opinion filed January 26, 1963.

*Paul Scott Kelly, Jr.*, of Kansas City, Missouri, argued the cause, and *R. Carter Tucker, John Murphy, William H. Wilson* and *Lucian Lane*, all of Kansas City, Missouri, and *Thomas M. Van Cleave, Jr.*, of Kansas City, were with him on the brief for the appellant.

*Francis L. Smith*, of Kansas City, argued the cause, and *Lloyd Burke Bronston*, of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case. Respondent employer (a self-insurer) has appealed from an award in favor of the injured workman.

Highly summarized, the factual background of the matter is this:

The workman, forty-seven years of age, had been employed by respondent corporation for twelve or thirteen years. On the date in question, December 15, 1959, he was employed at respondent's automobile plant in Wyandotte county. His duties consisted of working on the left side of the assembly line installing heater ducts

and flaps on the top portions of heaters in new cars. The nature of the work was such that he had to walk alongside a car moving on the assembly line, with a side-stepping motion, and reach into the car and at arm's length drill holes and drive screws into the heater-duct assembly. Although he was right-handed the work was such that he had to use his left hand in the performance of his duties.

On the morning in question a stranger to the area in which claimant worked took some drill bits from a tool box which had been placed in claimant's custody and for which he felt responsible. This incident angered and upset him. He was having difficulty in keeping up with the moving assembly line and the work was very burdensome. While leaning in a car, stretched out as far as he could reach, drilling a hole in a heater-duct assembly, claimant stepped on a screw on the floor and his feet slipped out from under him. He fell into the car, caught himself with his hands, raised up, picked up his tools, and started back to the next job. He suddenly became dizzy and called to a fellow employee to help him. He was taken to the plant hospital and his family physician was called. He was then taken by ambulance to another hospital where he was confined for five weeks. He subsequently was hospitalized at a veterans hospital for six months. It is undisputed that claimant was suffering from a cerebral hemorrhage. Dating back to 1956 claimant had been undergoing medical treatment for hypertension.

The hearing examiner awarded compensation. The director, in disapproving and denying the award recommended by the examiner, made the following finding:

"It is found, in addition to the stipulations of the parties, that claimant did suffer a cerebral vascular accident on December 15, 1959, but that the accident did not arise out of his employment. The claimant was predisposed to suffering a hemorrhage of this nature by reason of pre-existing conditions of a weakness in the blood vessel wall and high blood pressure. The record is devoid of evidence that the hemorrhage was directly caused by his employment. The evidence that the claimant's employment caused the hemorrhage is weak and inconclusive."

On appeal, the district court found that claimant suffered a cerebral hemorrhage on the date in question which resulted in permanent total disability, and that the accidental injury arose out of and in the course of his employment. An award, the amount of which is not questioned, accordingly was made in favor of claimant.

The respondent employer has appealed.

Two points are raised. First, it is contended that a medical witness was erroneously permitted to answer, over objection, a hypothetical question concerning whether certain factors would have been sufficient to have triggered or caused claimant to suffer the cerebral hemorrhage. Secondly, it is contended there was no substantial competent evidence to support the finding that claimant suffered an accidental injury arising out of and in the course of his employment.

With respect to the first matter, it is considered unnecessary to encumber this opinion by setting out in detail the hypothetical question complained of. We have read and considered it in connection with other evidence in the record and conclude respondent's contention is without merit and cannot be sustained.

With respect to the second point, we are of the opinion there is ample substantial competent evidence in the record to support the district court's finding that claimant suffered accidental injury arising out of and in the course of his employment. The rules defining those terms have been stated many times and will not be repeated. The workmen's compensation act prescribes no standard of health for workmen, and where a workman sustains an accidental injury arising out of and in the course of his employment he is not to be denied compensation merely because of a pre-existing physical condition, and an accidental injury is compensable where the accident serves to aggragate or accelerate an existing disease or intensifies the affliction. (*Strasser v. Jones,* 186 Kan. 507, 511 syl. 2, 350 P. 2d 779.)

It is the function of the district court to pass upon the facts in a compensation case, and whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact, and when it is determined by that court it will not be disturbed on appeal where there is substantial evidence to sustain the finding. In reviewing the record this court is required to review all of the evidence in the light most favorable to the party prevailing below, and if there is any substantial competent evidence to support a finding it must be affirmed even though the record discloses some evidence to warrant a contrary finding. (*Phillips v. Skelly Oil Co.,* 189 Kan. 491, 492, 370 P. 2d 65.)

Examining and considering the record in the light of the aforementioned rules, we find nothing wrong with the judgment and it is affirmed.