No. 44,906

Ray Mooney, *Appellee*, v. Eddie Harrison, d/b/a Edd's Lease Service and Western Casualty & Surety Company, *Appellants*.

(427 P. 2d 457)

Opinion filed May 13, 1967.

*Larry L. Kopke*, of Great Bend, argued the cause and was on the briefs for the appellants.

*Eldon L. Meigs*, of Pratt, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from a controversy over an injured workman's permanent partial disability rating under a workmen's compensation award.

The claimant was employed by the respondent as an oil field roustabout. His duties consisted of maintaining the operation of oil wells once production had been obtained. The injury occurred

while claimant and a co-employee were changing the stroke on a pumping unit. A tail bearing struck and dislocated his left hip and fractured his left foot. He also suffered knee and back pains.

The special examiner awarded temporary total disability which has been paid and is not in dispute. He awarded partial permanent disability based on 35% disability to the body as a whole. On application for a director's review, the director entered an order changing the rating to 75% disability to the body as a whole.

On appeal to the district court it found:

"1. The only question presented to the Court was the element of claimant's permanent partial disability.

"2. The Court finds the same as the director in his order the 3d day of May 1966, that claimant had a permanent partial disability of $75.00 [75%]."

A journal entry was prepared and entered accordingly.

The respondent and insurance carrier have appealed. The chief contention is that there was no substantial evidence to support the amount of the award for permanent partial disability.

The appellants' claim of inadequacy of the evidence is commingled with a legal question which we will first consider. The appellants object to the consideration of the testimony of appellee's physician.

Dr. Vernon Filley, the physician who treated and cared for appellee over many months, is a general practitioner of medicine and a general surgeon with considerable experience in orthopedics. He testified that appellee was in good health and had no bodily defects or disabilities prior to the date of the accident; that he suffered a dislocated left hip, permanent injury to the sciatic nerve, injury to his left knee and foot and a probable ruptured intervertebral disc; that the damage to the sciatic nerve, which has both motor and sensory functions, causes extreme weakness in the knee and ankle joints and a numbness and lack of feeling in the appellee's left extremity; that appellee has a lot of muscle spasm in this extremity and a lot of pain and spasm in his lower back; that he has reached his maximum recovery, and that surgical procedure was not recommended.

Dr. Filley further testified that appellee would never be able to return to his occupation of roustabout in the oil fields or similar type employment; that he could not pass a pre-employment physical for this type work or for a job in any type of industry; that he could not even perform light work as a truck driver or as a filling station

attendant, and that he was wholly unfit for the common labor market. It was the doctor's opinion that claimant was one hundred percent physically disabled.

Dr. Filley testified on cross-examination:

"Q. Are you familiar with the method which is utilized in workmen's compensation proceedings to determine the disability of individuals and the computation of workmen's compensation, if any?

"A. Yes.

"Q. You are? Tell me what it is.

"A. If an individual is unable to do the work that he was previously doing he is 100 per cent disabled."

Appellants contend the entire testimony of Dr. Filley should be discredited and thus disregarded because he demonstrated a complete lack of understanding as to disability ratings under Kansas Workmen's Compensation Law.

We cannot agree with appellants' suggestion. Although they may have established that the doctor was not the best workmen's compensation attorney, it was no reflection on the doctor's medical testimony as to the nature and extent of appellee's injuries.

Perhaps to avoid misunderstanding it should be noted that had the doctor suggested the test was inability to do work of the same type and character instead of making the test the ability to do the same work, his answer would not have been objectionable. In *Puckett v. Minter Drilling Co.*, 196 Kan. 196, 410 P. 2d 414, we held in the second paragraph of the syllabus:

"The correct standard for determining the loss in earning capacity of an injured workman is the extent to which his ability has been impaired to procure in the open labor market, and to perform and retain, work of the same type and character he was able to perform before he was injured." (See, also, *Dobson v. Apex Coal Co.*, 150 Kan. 80, 84, 91 P. 2d 5.)

Regardless of the doctor's theory for rating permanent partial disability under the Workmen's Compensation Act, the trial court did not accept his percentage rating. The court was justified in using the doctor's medical testimony as to the nature and extent of appellee's injuries in arriving at his own permanent partial disability rating.

It may be suggested at this point that there was testimony by other medical experts that rated appellee's permanent disability at 30% to 35%. However, there was also other lay testimony which supported the award. Appellee testified that to the date of the trial he was having considerable pain and difficulty with his lower

back and with his entire left leg; that the leg was very weak and not capable of weight bearing; that the ankle was constantly creeling or turning on him and also that he was having foot drop or a tendency of the foot to drag; that his reflex muscles were not functioning at all and that it was impossible for him to lift even small amounts of weight; that he has limped constantly since the accident. He has not worked since the accident for the reason that he is in constant pain and for the reason that he cannot perform the simplest of tasks.

A trial court or fact finding body is not required to limit its consideration of a workman's injury to the testimony of expert medical witnesses. (*Hanna v. Edward Gray Corporation*, 197 Kan. 793, 800, 421 P. 2d 205.)

Although we have limited our presentation of the testimony covering appellee's injuries, we think the testimony presented amply demonstrates that there was substantial competent evidence to support the district court's award.

On appellate review of workmen's compensation cases inquiry is limited to questions of law only. We cannot weigh the evidence and we must consider it in the light most favorable to the prevailing party. (*Davis v. Haren & Laughlin Construction Co.*, 184 Kan. 820, 823, 339 P. 2d 41; *Kirksey v. General Motors Corporation*, 190 Kan. 806, 378 P. 2d 91; *Jones v. City of Dodge City*, 194 Kan. 777, 402 P. 2d 108.)

There was substantial competent evidence to support the award.

The appellants complain because the district court did not make detailed findings. The contention is without merit. The court adopted the findings of the Workmen's Compensation Director. In *Turner v. Spencer-Safford Loadcraft, Inc.*, 189 Kan. 246, 250, 368 P. 2d 630, we stated:

"The trial court accepted and adopted the findings, conclusions, and award of the commissioner. Whenever the record supports an award allowing or denying compensation the judgment of the district court is conclusive. (*Burns v. Topeka Fence Erectors*, 174 Kan. 136, Syl. ¶ 5, 254 P. 2d 285.) See, also, *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 738, 347 P. 2d 235. The trial court was not required to make technical findings of fact, as contended by respondents, and the award was sufficient if supported by competent substantial evidence. . . ."

The appellants further contend that the award was improper for the reason that appellee had not performed work since the injury

and therefore there was no basis on which the court could determine—

". . . sixty percent (60%) *of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury in employment,* such compensation in no case to exceed forty-two dollars ($42) per week." (K. S. A. 44-510 [3] [c], paragraph 24. Emphasis supplied.)

There was ample evidence to support a finding that the appellee was not yet able to perform any type of employment. The appellants rely on the dissenting opinion in *Davis v. Braun,* 170 Kan. 177, 223 P. 2d 958, to support their contention. We continue to adhere to the rule announced in the majority opinion. There is no merit to the contention.

A careful examination of the record discloses no justifiable reason for disturbing the award as made by the Workmen's Compensation Director and the district court.

The judgment is affirmed.

APPROVED BY THE COURT.