No. 45,134

WAYNE A. CHURCH, *Appellant,* v. GOODYEAR TIRE AND RUBBER COMPANY OF KANSAS, INC., and AETNA CASUALTY & SURETY COMPANY, *Appellees.*

(436 P. 2d 385)

Opinion filed January 27, 1968.

*George E. McCullough,* of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker,* and *James L. Rose,* of Topeka, were with him on the brief for the appellant.

*Roscoe E. Long,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes, Charles N. Henson, Peter F. Caldwell, R. Austin Nothern,* and *Brock R. Snyder,* of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

O'CONNOR, J.: This is a workmen's compensation case in which the claimant, Wayne A. Church (appellant), was denied an award of compensation by the examiner, the director, and finally the district court.

The findings and award made by the director were adopted by the district court. Those material to the question on appeal are as follows:

". . . the director finds that the claimant has not sustained the burden of proving that he suffered personal injury by accident arising out of and in the course of his employment for the respondent. It appears that the ailment which the claimant reported to the respondent's nurse was one of long duration and was paining him prior to his going to work on the day of the alleged accident. *There is nothing in the record to indicate that anything happened to him on the job which meets the definition of accident as handed down by the Kansas Supreme Court.* Therefore the general finding of the examiner that the claimant is not entitled to an award of compensation should be affirmed." (Emphasis added.)

The issue before us is framed by the contentions of the parties. Claimant contends the portion of the finding that there was nothing

in the record to indicate that anything happened to him constituting an "accident" is erroneous as a matter of law since the record does contain evidence from which the court could have made a finding to the contrary. The respondent and insurance carrier (appellees), on the other hand, urge that whether or not claimant sustained an injury by accident arising out of and in the course of his employment was a question of fact, and the court's finding, being supported by substantial evidence, cannot be disturbed.

The evidence will be briefly summarized. Claimant testified he felt a sharp pain in his back on April 23, 1965, at about 10:30 a. m. He reported to the plant nurse that afternoon and received heat treatment. The plant hospital records contain the nurse's notation, "4-23, 1:35 p. m., Lt. Hip. Sore—Employee states hip was sore when he got up this A. M. and seems to be getting worse all the time—Knows of no injury—has had some trouble before." Claimant returned to his job about thirty minutes before quitting time but performed no work. The next day he went to a chiropractor for treatment and told the doctor he had hurt his back the day before at work. Claimant was hospitalized for several days, then returned to work on May 10 and worked until November 12, 1965. He was again hospitalized and underwent surgery on his back.

Dr. Robert P. Woods, a neurosurgeon who performed the surgery and was on the case during both periods of hospitalization, testified that claimant told him he had had back pain off and on for over twenty years, that "this had been a progressive thing over a week's time without any specific time which he [claimant] could date it," and that claimant did not know of any specific trauma causing his complaints. The manager of respondent's labor department testified that he had not been notified by any plant personnel, including foremen or supervisors, of any accident in which the claimant was involved.

Claimant states his position in a novel manner, and in doing so concedes that our function on appellate review is limited to questions of law only. He asks us to confine our attention to the one statement of the district court referred to above and hold that since there was evidence that claimant sustained an injury by "accident," there was error as a matter of law. We think claimant's argument is wholly untenable. In the first place, he overlooks the portion of the finding that nothing happened to him *on the job.*

Furthermore, he ignores the court's ultimate finding that claimant did not sustain the burden of proving he suffered personal injury by *accident arising out of and in the course of his employment.* In our opinion, the statement on which claimant relies neither weakens nor detracts from the ultimate finding of the court on a question of fact. The statement, together with the court's comment that claimant's ailment was one of long duration, merely tends to support and explain said finding.

Our well-established rule in workmen's compensation cases is that whether or not a workman's disability is due to an accident arising out of and in the course of employment is a factual question for determination by the district court, whose determination will not be disturbed on appeal if supported by substantial evidence. As an appellate court we have neither the duty nor the authority to weigh the evidence on a question of fact, and it is of no significance that had we been the fact finder we might have reached a different conclusion. A recent discussion of these principles is contained in *Ippolito v. Katz Drug Co.,* 199 Kan. 309, 429 P. 2d 101. Also, see *Jibben v. Post & Brown Well Service,* 199 Kan. 793, 433 P. 2d 467.

The district court accepted and adopted the findings of the director rather than make separate findings. This, of course, is permissible. (*Mooney v. Harrison,* 199 Kan. 162, 427 P. 2d 457.) From the foregoing testimony it is readily apparent that there was substantial evidence to support the ultimate finding, and the lower court did not err in denying an award of compensation.

The judgment is affirmed.