No. 45,485

Martin A. Riedel, *Appellant*, v. Gage Plumbing and Heating Company, Inc. and Alliance Mutual Casualty Company, *Appellees*.

(449 P. 2d 521)

Opinion filed January 25, 1969.

*George E. McCullough,* of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker* and *James L. Rose,* all of Topeka, were with him on the brief for the appellant.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark, James T. Graves, Aubrey G. Linville* and *C. Douglas Miller,* all of Salina, were with him on the brief for the appellees.

The opinion of the court was delivered by

Fontron, J.: This is an action for compensation brought under the Workmen's Compensation Act. The question on appeal is whether claim for compensation was served within the time fixed by the Act. The trial court found the claim not timely filed, and the workman, Martin A. Riedel, has appealed. We will refer to appellant as claimant, or Riedel; to the appellees, collectively, as respond-

ents; to appellee Gage Plumbing and Heating Company, Inc., as employer, or Gage; and to appellee Alliance Mutual Casualty Company, as carrier, or Alliance.

Many of the facts are undisputed. On February 1, 1965, claimant injured his back while working for Gage. The following day claimant sought medical advice from Dr. George Miller, his family doctor. Dr. Miller placed Mr. Reidel in the hospital and continued to treat him with Gage's knowledge.

On March 1, 1965, Mr. Riedel returned to his regular work. On March 9, he again saw Dr. Miller. Under date of March 23, 1965, Dr. Miller executed his medical report on Form 1108G, Physician's Report Blank. Dr. Miller's report, which was sent to Alliance, showed caimant was discharged from the hospital, 2-15-65; that he was able to resume regular work on 3-1-65; that he was not in need of further medical treatment; and that he was last examined on 3-9-65. A bill for Dr. Miller's medical services, amounting to $84, was paid by Alliance on March 29, 1965. Drug and hospital bills were paid by Alliance on March 12, and March 29, respectively.

Claim for compensation was not served until May 13, 1966, more than 180 days after the accident. (See K. S. A. 44-520a.) However, the trial court found the employer did not report the accident, as required by K. S. A. 44-557, and that the time for filing claim was thus extended to one year from last payment of compensation or last medical care furnished by employer. The respondents do not challenge this finding.

The furnishing of medical care has been held equivalent to the payment of compensation (*Dexter v. Wilde Tool Co.,* 188 Kan. 816, 365 P. 2d 1092) and the real dispute in this case is simply as to when the respondents last provided medical treatment. The respondents contend the date was March 9, 1965, this date being more than one year prior to the date claim was filed (May 13, 1966), while claimant maintains medical care was furnished him after May 13, 1965, and within the year permitted by statute.

Before relating the precise basis on which Mr. Riedel predicates his contention, we must recount a few additional facts. After Dr. Miller submitted his medical report showing claimant was last seen on March 9, 1965, and was able to return to regular work on March 1, and after respondents had received Dr. Miller's bill, and had paid the same on March 29, 1965, they heard nothing more concerning claimant's back or its treatment until they received a letter from

claimant's attorney on May 13, 1966. Prior to that date the respondents assumed the back injury had long since healed.

However, there is evidence that claimant visited Dr. Miller on April 10 and May 8, 1965, being advised in each instance to continue, or to resume flexion exercises. On June 5, 1965, Riedel again saw the doctor who recommended he see an orthopedist. These visits were billed to Mr. Riedel personally, and were paid for either by Riedel or his wife. Riedel testified that Dr. Miller did not release him from back treatments and at the time of a second injury in June he was still using the back brace prescribed by the doctor.

On June 28, 1965, claimant sustained a second accidental injury while working for Gage. In this accident, claimant's arm was injured. Originally this second, and unrelated, injury was treated by a Concordia doctor, but on August 14, 1965, Mr. Riedel commenced going to Dr. Miller for treatment to his arm, and continued with him periodically until August, 1966.

It is against this background that claimant maintains his claim was timely filed, his contention being that respondents were providing him medical treatment when he consulted Dr. Miller in connection with his back on June 5, 1965. Further, claimant contends that the respondents furnished medical care as to his back on various occasions from August, 1965, to August, 1966, when, in treating the arm injury, Dr. Miller would also inquire and give advice about the back injury.

The trial court made written findings of fact, some of which are reflected in the foregoing portion of this opinion. In addition, the court found as follows:

"On June 5, 1965 claimant consulted Dr. Miller, apparently about his back. This consultation was not known to the respondent and it was billed to and paid by claimant personally.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The respondent had no notice or knowledge of Dr. Miller's treatment of the back injury at any time after March of 1965 and the record does not show that any such treatment was ever billed to or paid by the respondent.

"The first issue to be determined by the Court is whether the claim was timely filed within one year of payment of compensation or furnishing of medical treatment by respondent or is barred.

"In consideration of the facts and circumstances herein the Court finds; That the June 5, 1965 consultation between claimant and his family doctor, paid by claimant personally and unknown to respondent can under no principal be considered treatment furnished by the respondent and does not toll the running of the statute as to filing time.

"The Court further finds that neither do matters connected with the payment of bills for the unrelated second injury extend the time for filing the claim. The record does not show that respondent paid for anything connected with the first injury during that time. That if it did so such billing was undisclosedly included in bills for treatment of the unrelated second injury; That respondent was neither aware of any such payment, if it were made, nor can it be charged with being aware of furnishing any such treatment in this case.

"The finding and conclusion of the Court that the claim was not filed within the time prescribed by statute makes further findings herein unnecessary."

Under legal principles long espoused by this court, the findings of a trial court are controlling upon review where they are supported by substantial competent evidence, and, if so supported, they may not be disturbed or set aside on appeal, even though the evidence might have sustained contrary findings. (*Ippolito v. Katz Drug Co.*, 199 Kan. 309, 429 P. 2d 101; *Dexter v. Wilde Tool Co.*, supra, *Sirico v. Burch*, 190 Kan. 474, 375 P. 2d 596.) These principles are applicable here, for in *Fitzwater v. Boeing Airplane Co.*, 181 Kan. 158, 309 P. 2d 681, we held specifically that whether a claim for compensation has been filed in time is primarily a question of fact.

In considering whether findings are supported by the evidence, we do not weigh the evidence, that being the responsibility of the trial court. (*Mein v. Meade County*, 197 Kan. 810, 421 P. 2d 177.) We must view the evidence in the light most favorable to whoever prevailed in the court below. (*Jones v. City of Dodge City*, 194 Kan. 777, 402 P. 2d 108; *Mooney v. Harrison*, 199 Kan. 162, 427 P. 2d 457.

Measured by these rules we are obliged to say that the court's findings are sufficiently supported by substantial competent evidence. Sue Hull, Dr. Miller's secretary, who handled all billings for the doctor, testified she billed claimant personally for the visit of June 5, 1965, and that charges for this and other visits made after March 9, 1965, but before August 14, 1965, were paid either by Mr. or Mrs. Riedel—she didn't recall which. At another point, Mrs. Hull testified that to the best of her knowledge Mr. Riedel came in and voluntarily paid the bills himself.

Claimant testified he was "pretty sure" that when he went to Dr. Miller concerning his arm, and on the next visit as well, the doctor asked how his back was feeling, advised him to watch what he did and told him to do sit-up exercises on the floor. However, Dr. Miller testified that he was under the impression he gave some instructions on the back injury but "I don't have this on my records, though."

Dr. Miller also testified he made no medical report to anyone concerning treatment of Riedel's back other than the one of March 23, 1965, and the record contains no indication that the respondents ever paid for any such treatments given subsequent to March 9, 1965.

The evidence need not further be detailed. What has already been related sufficiently demonstrates support of the findings. Before concluding this opinion, however, we deem it appropriate to comment briefly on certain aspects of the claimant's argument.

The point is raised that Mr. Riedel did not know that medical treatment was not being furnished by respondents after March 9, 1965, and we believe the record would permit such a construction. However, a similar contention was raised in *LaFever v. Olson Drilling Co.*, 142 Kan. 431, 49 P. 2d 967, where, after stating that the evidence did not warrant a finding that claimant knew medical aid had terminated, the trial court nonetheless concluded that the respondent must show that claimant knew compensation had ceased. In reversing the judgment, this court said:

"In the case at bar the trial court found that the last medical attendance (treatment) was furnished by the employer on April 22, and there being no dispute that written claim was not made until October 11 it must be held that the claim was not made in the time prescribed by statute, unless it be further held that the employer must show that the claimant knew compensation had ceased. It may be observed that the statute makes no such requirement. The right to recover compensation is purely statutory, and we are not warranted in reading into the statute a condition that is not expressed or necessarily implicit therein. . . ." (p. 433.)

Claimant asserts that he was released to return to light work, and that light work, when prescribed as treatment, will serve to extend the time for serving a claim for compensation. The chief difficulty with this line of argument stems from the fact that Mr. Riedel was not released to perform *light* work. Dr. Miller's medical report discloses that Riedel was able to resume *regular* work on 3-1-65.

In addition to the doctor's report, the claimant, himself, testified he returned to his regular job for the same employer, and at the same wage rate; that he worked every working day until his second injury; and on returning from that injury he worked every working day to the end of the year, except on Christmas. The cases cited in support of the "light work argument," simply are not applicable under the circumstances of this case.

Counsel further points out that "treatment" does not necessarily mean treatment by drugs or prescriptions; that treatment may also consist of advice, instructions and corrective exercises. Conceding for the moment that such is true, the argument is irrelevant. According to the evidence in this case, Dr. Miller reported that claimant did not need further medical treatment.

We have carefully examined the authorities cited by claimant. None of them appear relevant to the issues here presented, as they are framed by the findings of the trial court.

It is elementary that in proceedings under the Workmen's Compensation Act, the burden rests always upon the claimant to establish his right to compensation; it is the claimant who must prove the various conditions on which his right to recover depends. (*Thompson v. Heckendorn Manufacturing Co.*, 189 Kan. 77, 367 P. 2d 72; *Ratzlaff v. Friedeman Service Store*, 195 Kan. 548, 407 P. 2d 513.)

One of the conditions which must be met before a workman may recover compensation is the filing of a claim therefor within the statutory time. The trial court found that Riedel's claim was not filed in time. This finding, supported by the record, precludes recovery.

We find no error in the judgment and the same is affirmed.